UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                 Case No. 14-CR-0132 (JNE/HB)

                    Plaintiff,

v.                                              ORDER

CARRIE ANNE CASAREZ,

                    Defendant.

---

Defendant Carrie Anne Casarez pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of methamphetamine, all in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846.  As a result, the Court imposed a 162-month term of imprisonment on May 6, 2015.  This Court also imposed a 5-year term of supervised release to follow that term of imprisonment, with 18 conditions placed upon Casarez during that term of supervised release (13 standard conditions plus 5 special conditions, including that Casarez abstain from alcohol, participate in a program for substance abuse, and participate in psychological or psychiatric counseling, among others).  Casarez did not seek direct appeal of her conviction or sentence, and the time for filing a notice of appeal has lapsed.

This matter is before the Court on Casarez's motion for a modification of the conditions of her supervised release or, in the alternative, vacation of her sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]  *See* ECF No. 50.  According to Casarez, the Court did not adequately set forth at

---

[1]Casarez has also filed two other motions for relief from her sentence.  In her first motion [ECF No. 48], Casarez contends that she is eligible for a reduction in sentence on account of a subsequent amendment to the United States Sentencing Guidelines.  That motion will be addressed by separate order.  In her second motion [ECF No. 49], Casarez raises substantially
(continued...)

the sentencing hearing the reasons for imposing the conditions of supervised release.  Casarez also alleges that the Court's imposition of supervised release amounted to an illegal interference with the parties' plea negotiations.  She asks that her sentence (and perhaps her conviction) be vacated as a result of these alleged errors.

As an initial matter, the Court's authority to modify a sentence after that sentence has become final is very limited.  More than 14 days has passed since sentencing, and so Casarez is ineligible for relief under Fed. R. Crim. P. 35(a).  The government has not filed a motion for a reduction in sentence based on Casarez's substantial assistance, and so Casarez is not eligible for relief under Fed. R. Crim. P. 35(b).  Casarez has not spent any time on supervised release, and so the Court may not terminate her supervised release under 18 U.S.C. § 3583(e)(1).  The Director of the Federal Bureau of Prisons has not filed a motion for a reduction based on Casarez's age or other "extraordinary and compelling reasons," and so she is not eligible for relief under 18 U.S.C. § 3582(c)(1)(A).  Casarez's present motion is not based on the fact that her "sentencing range . . . has subsequently been lowered by the Sentencing Commission," and so she is not eligible for relief (for purposes of this motion) under § 3582(c)(2).  Finally, Casarez has not offered any argument why the conditions of supervised release imposed upon her are *substantively* inappropriate, and so the Court sees no good reason to reconsider those conditions under § 3583(e)(2) at this time.

---

[1](...continued)
the same arguments as the motion addressed in this order.  Casarez has asked that the Court disregard this motion, as "it was stated incorrectly."  *See* ECF No. 50-1 at 1.  Accordingly, the Court deems the second motion to be voluntarily withdrawn.

-2-

At bottom, Casarez's argument is that her conditions of supervised release were imposed in violation of the Constitution or the laws of the United States due to supposed procedural errors by the Court at sentencing.  Such an argument may be raised only in a motion for relief under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(a).  The Court is reluctant to interpret Casarez's present motion as one under § 2255, however, as Casarez does not mention that provision and because § 2255(h) places restrictions on the ability of prisoners to bring second or successive motions under § 2255.  Thus, interpreting Casarez's pending motion being brought under § 2255 could foreclose any attempts by Casarez to later seek relief under that provision.  *See Castro v. United States*, 540 U.S. 375, 383 (2003) (finding that a "district court must notify the pro se litigant that it intends to recharacterize the pleading [as a motion under § 2255], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.").

Accordingly, if Casarez wishes to proceed with the claims raised in her motion, she must notify the Court that she intends to proceed under § 2255.  Casarez is again warned, however, that if she wishes to proceed under § 2255, any future attempts to bring claims under § 2255 will be severely cabined by the restrictions set forth in § 2255(h).  Further, Casarez is warned that, by all appearances, her claim that the Court erred at sentencing has been procedurally defaulted through her failure to raise the issue on direct appeal.  *See Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014) ("A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted.").

If Casarez would like her pending motion to be deemed a petition for relief under § 2255, she must file a notice to that effect within 20 days of the date of this order.  Should Casarez fail to do so, the Court will deny Casarez's motion for the reasons set forth above.  If Casarez notifies the Court that she wishes to proceed under § 2255, the Court will examine whether she is entitled to relief under that provision.  Again, though: Casarez should consider carefully whether she wishes to proceed under § 2255, and if she elects to do so, she should be prepared to amend her motion to contain any and all claims she might have under § 2255, as she will be largely precluded from seeking relief under that provision for a second time.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Carrie Anne Casarez's first motion for modification of sentence [ECF No. 49] is WITHDRAWN.

2. Casarez must indicate within 20 days whether she wishes to proceed under 28 U.S.C. § 2255 on the claims raised in her second motion for a modification of sentence [ECF No. 50], failing which her motion will be denied for the reasons set forth above.

Dated: September 16, 2015                    s/Joan N. Ericksen
                                             JOAN N. ERICKSEN
                                             United States District Judge